UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **GERALD VARNES,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3: 06cv0549AS |
| | ) | |
| **CHRYSLER FINANCIAL** | ) | |
| **CORPORATION, WESTERN MUTUAL** | ) | |
| **RECOVERY, FRANCES VARNES,** | ) | |
| **WALTER HARTFORD, and** | ) | |
| **JACQUELINE BRANDON,** | ) | |
| | ) | |
| Defendants | ) | |

*MEMORANDUM, OPINION AND ORDER*

This court takes full judicial notice of the record in this case and is in agreement with the Report and Recommendation of Magistrate Judge Christopher A. Nuechterlein filed April 18, 2007 to the extent that it construes liberally the pro se complaint of this plaintiff. Such is certainly consistent with *Haines v. Kerner*, 404 U.S. 519 (1972). *But see McNeil v. United States*, 508 U.S. 106 (1993)*, Smith v. Fairman*, 862 F.2d 630 (7th Cir. 1988), *cert. denied*, 490 U.S. 1008 (1989), and *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). This court is convinced that at least as to the parties the basis for jurisdiction here is diversity of citizenship under 28 U.S.C. §1332. This court has given close attention to the filing made by the Chrysler Corporation. A careful examination of this presentation on behalf of Dimeler Chrysler convinces this court that this case is indeed subject to contractual arbitration under the Federal Arbitration Act. *Precision Homes of Indiana, Inc. v. Pickford*, 844 N.E. 2d 126

(Ind. App. 2006) represents clear authority to proceed without further delay with the contractual arbitration process.  **IT IS SO ORDERED**.

　　**DATED:**  May 1, 2007

　　　　　　　　　　　　　　　　　　　　　　　　　S/ ALLEN SHARP
　　　　　　　　　　　　　　　　　　　　　**ALLEN SHARP, JUDGE**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**