UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GERALD VARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-549 AS |
| ) | |
| CHRYSLER FINANCIAL ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION**

On September 6, 2006, Plaintiff, proceeding *pro se*, filed his complaint in this Court. On April 5, 2007, this case was fully referred to the undersigned for all matters. On April 18, 2007, the undersigned issued a report and recommendation regarding a motion to compel arbitration and regarding jurisdictional issues. The undersigned reported that diversity jurisdiction was proper, but that Plaintiff's claims should not be sent to arbitration with Defendant Chrysler Financial Corporation (Chrysler). On May 1, 2007, the Court adopted the report and recommendation in part. Specifically, the Court agreed it had jurisdiction, but this Court did not agree that arbitration was inappropriate. Consequently, this Court ordered that Plaintiff's claims against Chrysler be sent to arbitration.

On August 21, 2007, an arbitration hearing was held between Chrysler and Plaintiff. On September 11, 2007, Plaintiff filed a motion of dispute and fraud upon the Court. On September 17, 2007, the arbitrator entered an award in favor of Chrysler and against Plaintiff. Consequently, on September 20, 2007, Chrysler filed a motion for judgment as to Chrysler pursuant to Fed. R. Civ. P. 54(b). This Court now enters its report and recommendation on all pending matters pursuant to its referral order and 28 U.S.C. § 636(b)(1)(B).

> Under the Federal Arbitration Act,
>
> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court **must grant such an order** unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added). The same contract that sent this matter to arbitration states that "[j]udgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction." (Doc. No 44, at 2). Thus, the agreement between the parties states that a court with jurisdiction is to enter the award. This Court has already found that it has diversity jurisdiction over the present case in its previous order. (Doc. No. 38 & 41). Consequently, the only issue is whether the award should be vacated or modified pursuant to 9 U.S.C. §§ 10-11.

An award may be vacated or modified if the award "was procured by corruption, fraud, or undue means." See 9 U.S.C. §10(a)(1). Plaintiff claims that there was fraud in the arbitration. Plaintiff claims the arbitration should have only covered issues regarding the repossession of the truck. However, the arbitration covered issues regarding a manlift that was attached to the repossessed truck. The Plaintiff claims that this action was fraudulent because this Court found that the contract that sent Plaintiff's claims against Chrysler to arbitration did not cover issues regarding the manlift. The Plaintiff points to the undersigned's April 18, 2007, report and recommendation as evidence that the arbitration should not have covered the manlift. The Plaintiff's arguments, however, are based on a misunderstanding of this Court's orders.

On April 18, 2007, the undersigned found that Chrysler had not sufficiently established whether this case was proper for arbitration. Specifically, the undersigned stated,

2

> [i]f Chysler wishes this Court to conclude that the arbitration provision of the retail installment contract precludes Varnes' claims, it must fully demonstrate, in law and fact, that Varnes' claims are those that were intended by the parties to be submitted to arbitration.

(Doc. No. 38 at 4).

If the Court would have adopted the undersigned's report and recommendation in full, then Plaintiff would be correct that the arbitration should not have covered the manlift. Indeed, the arbitration would not have occurred at all. However, the Court found otherwise on May 1, 2007. The Court stated,

> [t]his court has given close attention to the filing made by the Chrysler Corporation. A careful examination of this presentation on behalf of Dimeler [sic] Chrysler convinces this court that this case is indeed subject to contractual arbitration under the Federal Arbitration Act.

(Doc. No. 41). Consequently, on May 1, 2007, this Court found that Plaintiff's claim regarding the manlift was subject to arbitration. This Court cannot say it was fraudulent for that claim to be addressed at the arbitration.

Plaintiff does not offer any other reasons why the award should not be approved. Consequently, this Court **REPORTS AND RECOMMENDS** that Chrysler's motion for entry of judgment be **GRANTED** [Doc. No. 44], that Plaintiff's motion be **DENIED** [Doc. No. 43], and that Chrylser be dismissed from this case. This Court also suggests that the stay be **LIFTED** so that Plaintiff may proceed with his case against the remaining Defendants.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**
>
> **SO ORDERED.**

Dated this 23rd Day of October, 2007.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge