UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GERALD DENNIS VARNES, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )   No.  3:06-CV-549 RM |
| | ) |
| CHRYSLER FINANCIAL | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants | ) |

ORDER

*Pro se* plaintiff Gerald Dennis Varnes (Mr. Varnes) objects to the magistrate judge's report and recommendation stating that defendant Chrysler Financial Corporation's (Chrysler) motion for entry of judgment should be granted [Doc. No. 44], that Plaintiff's "Motion of Dispute and Fraud Upon the Court During Arbitration Hearing" should be denied [Doc. No. 43], and that Chrysler should be dismissed from this case.  The magistrate judge also recommended that the stay be lifted so that Mr. Varnes may proceed with his case against the remaining defendants. The reader's familiarity with the entire October 23 report and recommendation [Doc. No. 47] is assumed.

On May 1, 2007, this court found that its jurisdiction was founded on diversity of citizenship under 28 U.S.C. § 1332, and determined that the case as to defendant Chrysler was subject to contractual arbitration under the Federal Arbitration Act based upon the retail installment contract entered into by Mr. Varnes and Chrysler. [Doc. No. 41]. Accordingly, on August 21, an arbitration

hearing was held with both parties present. On September 11, Judge Gene R. Duffin entered an arbitration award in favor of Chrysler and against Mr. Varnes [Doc. No. 52].

Chrysler moved for entry of final judgment based on the arbitrator's decision [Doc. No. 44]. Chrysler argues that final judgment should be entered in its favor because the contract provided for binding arbitration on any claim or dispute and explicitly states that "[j]udgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction". Mr. Varnes filed his motion of dispute and fraud upon the court, contending that the arbitration should have only covered issues regarding the repossession of his truck, and improperly covered issues regarding the return of his manlift and other personal property [Doc. No. 43].

Mr. Varnes's objection to the report and recommendation essentially repeats the same allegations that he asserted in his motion of dispute and fraud upon the court. Specifically, Mr. Varnes now asserts that the arbitration should not have covered the manlift and other personal property in the truck (including sunglasses, a tape measure, personal papers and loose money). As this court already determined, however, the contract between Chrysler and Mr. Varnes provided for binding arbitration of Mr. Varnes's claims, including his tort claim against Chrysler for breach of contract by converting the manlift and other personal property [Doc. No. 41]. Further, Mr. Varnes has submitted no new evidence suggesting that the arbitrator's determination was incorrect or improper.

Therefore, the Court OVERRULES Mr. Varnes's objections [Doc. No. 48], and ADOPTS the magistrate judge's October 23, 2007 report and recommendation [Doc. No.47]. Accordingly, Mr. Varnes's motion is DENIED [Doc. No. 43], and pursuant to Fed. R. Civ. P. 54(b), because there is no just reason to delay the entry of final judgment on the arbitration award as to Mr. Varnes's complaint against defendant Chrysler only, and for the reason that the remaining issues are separate and distinct from those upon which the arbitration award was entered, Chrysler's motion for entry of final judgment in favor of Chrysler is GRANTED [Doc. No. 44]. Defendant Chrysler Financial Corporation is dismissed from the case, and the stay is lifted so that plaintiff Gerald Dennis Varnes may proceed with his case against the remaining defendants.

SO ORDERED.

ENTERED:     November 15, 2007

       /s/ Robert L. Miller, Jr.
Chief Judge, United States District Court
Northern District of Indiana